Son for trying to advance his education by enlisting in the National Guard and Army Reserve would violate the spirit of law. *See McIlroy,* 832 S.W.2d at 951–52; *Gosney,* 928 S.W.2d at 894. In addition, section 452.340.5 specifically allows for waiver of the October first deadline and the evidence supports such a ruling in this case. To hold otherwise would violate the purpose of section 452.340.5.

The trial court erroneously applied the law in finding that manifest circumstances did not cause Son to temporarily withdraw from his post-secondary education and in finding Son was emancipated. This judgment is therefore reversed and the cause is remanded for entry of a new judgment consistent with this opinion.

LAWRENCE E. MOONEY, C.J., and ROBERT E. CRIST, Sr. J., concur.

Robert V. Krueger, Mexico, MO, for respondent.

Before LAWRENCE E. MOONEY, C.J., LAWRENCE G. CRAHAN, J. and ROBERT G. DOWD, JR., J.

### ORDER

PER CURIAM.

Ronald W. Toalson appeals the judgment dissolving his marriage to Laura A. Toalson. We have reviewed the briefs of the parties and the record on appeal and find no error of law. An extended opinion would be of no precedential value. We have, however, provided a memorandum opinion for the use of the parties only setting forth the reasons for our decision. The judgment is affirmed pursuant to Rule 84.16(b).

Laura A. TOALSON, Respondent,

v.

Ronald W. TOALSON, Appellant.

No. ED 81882.

Missouri Court of Appeals, Eastern District, Southern Division.

June 30, 2003.

William C. McIlroy, Vandalia, MO, for appellant.

Timothy O. DOYLE and Curticine E. Doyle, Respondents,

v.

Jeffrey THOMAS, d/b/a Jeff Thomas Contracting, Inc., Appellant.

No. ED 82105.

Missouri Court of Appeals, Eastern District, Division Two.

June 30, 2003.